IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' SUPPLEMENTARY PENSION FUND, CENTRAL LABORERS' WELFARE FUND, NORTH CENTRAL ILLINOIS LABORERS' WELFARE FUND, CENTRAL LABORERS' RETIREE WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS JOINT APPRENTICESHIP TRAINING FUND, NORTH CENTRAL ILLINOIS LABORERS'- EMPLOYERS COOPERATION EDUCATION TRUST, NORTH CENTRAL ILLINOIS LABORERS' MARKET PRESERVATION FUND, CENTRAL ILLINOIS LABORERS-EMPLOYERS COOPERATION EDUCATION TRUST, LABORERS' LOCAL 703 LEGAL SERVICES FUND, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, CENTRAL ILLINOIS LABORERS' WORKING DUES, SOUTHERN AND CENTRAL ILLINOIS LABORERS' VACATION FUND, NORTH CENTRAL ILLINOIS LABORERS' VACATION FUND, and NORTH CENTRAL ILLINOIS LABORERS' WORKING DUES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No.   21-3038 ) |
| CENTRAL ILLINOIS EROSION SERVICES, INC. | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES plaintiffs, CENTRAL LABORERS' PENSION FUND *et al.*, by their

attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, CENTRAL ILLINOIS

EROSION SERVICES, INC., and allege as follows:

## Jurisdiction

1.  This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA"), for the recovery of delinquent contributions the defendant is obligated to make to the plaintiffs under the terms of the plaintiffs' trust agreement and under the terms of collective bargaining agreements.

2.  This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action. (*See* 29 U.S.C. §1132).

## Venue

3.  Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the employee benefit plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4.  Venue is proper in this court because plaintiff Central Laborers' Pension Fund's plan is and employee benefit plan administered in Morgan County, Illinois at the address of is 201 N. Main Street, Jacksonville, Illinois 62651, which is located within the venue of the District Court for the Central District of Illinois, Springfield Division.

## Parties

5.  Plaintiff Central Laborers' Pension Fund is an employee benefit plan maintained in accordance with the provisions of ERISA and the LMRA.

6.  Plaintiff Central Laborers' Pension Fund is the collection agent for and authorized

to act on behalf of the other named plaintiffs to collect employer contributions and other amounts owed to these plaintiffs, which are either employee benefit plans (also maintained in accordance with the provisions of the LMRA and ERISA that receive contributions from numerous employers and are therefore multiemployer plans), labor organizations, labor-management committees, and/or plans established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union.

7. Plaintiffs provide retirement, welfare, and other benefits to the employees of participating employers who pay fringe benefit contributions to the plaintiffs on behalf of their employees.

8. Central Illinois Erosion Services, Inc. ("Defendant") is an Illinois corporation registered to do business in Illinois, with a principal place of business at 3117 Co. Rd. 1900 E., Rantoul, Illinois 61866.

## Factual Allegations

9. Plaintiff Central Laborers' Pension Fund receives contributions from numerous employers, and therefore, is a multiemployer plan.  (*See* 29 U.S.C. §1002).

10. Plaintiff Central Laborers' Pension Fund is administered pursuant to the terms and provisions of an agreement and declaration of trust, as amended and restated (the "trust agreement").

11. A copy of pertinent provisions of the trust agreement for plaintiff Central Laborers' Pension Fund is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

12. Copies of pertinent provisions of the trust agreements for certain other named

plaintiffs are attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

13. Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

14. Defendant is a party to or otherwise bound by participation agreements, memorandum of agreements, collective bargaining agreements, and/or other labor agreements (collectively, but not exclusively, the "collective bargaining agreements").

15. Copies of relevant portions of the collective bargaining agreements are attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

16. Defendant employs individuals who are members of, and represented by, the Laborers' Local Union No. 703 (the "Local Union").

17. Defendant employs individuals who are participants in the employee benefit plans administered by plaintiff Central Laborers' Pension Fund and other named plaintiffs pursuant to the collective bargaining agreements.

18. Defendant is required under the collective bargaining agreement and trust agreements to pay contributions to plaintiffs for certain hours of work performed by its employees each month.

19. Defendant is required under the collective bargaining agreement to pay work dues to plaintiffs for certain hours of work performed and wages earned by its employees each month.

20. Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiffs in accordance with the terms and conditions of the plaintiffs' trust agreements.  *See* 29 U.S.C. §1145.

**COUNT I**

**Delinquent Contributions**

1-20.	Plaintiffs re-assert and re-allege paragraphs 1 through 20 as paragraphs 1 through 20 of count I as if fully set forth herein.

21.	Plaintiffs engaged a certified public accounting firm to examine the payroll books and records of the defendant for the period of January 1, 2016 through June 30, 2020 (the "accounting period"), to determine whether defendant complied with its obligations to pay the contributions to the plaintiffs as required under the plaintiffs' trust agreements and the collective bargaining agreements.

22.	A copy of the payroll examination accounting is attached hereto and fully incorporated herein as Exhibit "D".

23.	The payroll examination accounting determined that defendant employed individuals who performed hours of work for which contributions are owed to the plaintiffs under the collective bargaining agreements over the accounting period.

24.	The payroll examination accounting determined that defendant failed to pay all contributions and dues that were owed to the plaintiffs over the accounting period.

25.	Defendant owes plaintiffs contributions and dues for the unreported hours of work performed and wages earned by its employees as determined by the accounting.

26.	Defendant breached the provisions of the plaintiffs' trust agreements and the collective bargaining agreements by failing to pay contributions and dues that were owed to the plaintiffs.

27.	Pursuant to applicable provisions of ERISA, and the labor and trust agreements, defendant owes interest on delinquent contributions and, additionally, liquidated damages equal to 10% of the delinquent contributions or twenty-five dollars, whichever is greater.

28. Pursuant to the labor and trust agreements, defendant owes the audit costs of $1,647.25 incurred by the plaintiffs in performing the payroll audit.

29. Defendant owes plaintiffs the known sum, after all just credits, of $46,273.57.

30. A summary prepared by the plaintiffs of the known contributions and other amounts owed to plaintiffs by defendant is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

31. Plaintiffs have demanded that defendant pay plaintiff the contributions and other amounts owed, but defendant has refused or otherwise failed to pay to plaintiffs the contributions and other amounts owed.

32. Pursuant to the terms of the plaintiffs' trust agreements, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of delinquent contributions.

WHEREFORE, plaintiffs pray as follows:

A. That judgment is entered in favor of plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., and against defendant, CENTRAL ILLINOIS EROSION SERVICES, INC., in the sum of $46,273.57, plus all other amounts determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, dues, liquidated damages, interest, and attorneys' fees and costs;

B. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C. That defendant is decreed to pay all costs attendant to these proceedings;

D. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the trust agreements, the collective bargaining agreements, or as is

otherwise just and equitable.

                              CENTRAL LABORERS' PENSION FUND *et al.*
                              Plaintiffs,

                          By:   s/ John P. Leahy
                              JOHN P. LEAHY
                              CAVANAGH & O'HARA LLP
                              Attorneys for Plaintiffs
                              2319 W. Jefferson Street
                              Springfield, IL 62702
                              (217) 544-1771 – Telephone
                              (217) 544-9894 – Facsimile
                              johnleahy@cavanagh-ohara.com